# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 15-34287 (LZP) |
| | § | |
| | § | |
| BLACK ELK ENERGY OFFSHORE | § | (Involuntary Proceeding) |
| OPERATIONS, LLC | § | |
| | § | |
| Debtor | § | |
| | § | |

**DEBTOR'S MOTION TO CONVERT THE INVOLUNTARY CHAPTER 7 CASE TO A VOLUNTARY CHAPTER 11 CASE**

TO THE HONORABLE LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS MOTION WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Black Elk Energy Offshore Operations, LLC (the "Debtor") hereby files this Motion to Convert the Case to Chapter 11 (the "Motion") pursuant to 11 U.S.C. § 706 and FED. R. BANKR. P. 1017 and respectfully state the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is section 706(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1017.

## PROCEDURAL BACKGROUND

3. On August 11, 2015, the Petitioning Creditors[1] filed an involuntary bankruptcy petition against the Debtor under chapter 7, commencing an involuntary bankruptcy case. *See* ECF No. 1.

4. On August 25, 2015, the Petitioning Creditors filed their Motion for an Order Appointing an Interim Trustee, seeking the appointing of an interim chapter 7 trustee during the involuntary gap period under section 303(g) of the Bankruptcy Code. *See* ECF No. 28.

5. A hearing is scheduled for September 1, 2015 on the Petitioning Creditors' Motion for an Order Appointing an Interim Trustee. *See* ECF No. 32.

6. An order for relief has not been entered, and no interim chapter 7 trustee has been appointed in this case.

## RELIEF REQUESTED

7. The Debtor seeks entry of an Order under section 706(a) of the Bankruptcy Code, converting the Debtor's bankruptcy case under chapter 7 of the Bankruptcy Code to one under chapter 11 of the Bankruptcy Code, so that the Debtor may remain in possession of its assets and

---

[1] According to the involuntary petition, the Petitioning Creditors are the Grand Ltd., Gulf Offshore Logistics, LLC, Ryan Marine Services, Inc., and Laredo Construction Inc.

607314235.1

estate, continue operations of its business, and successfully reorganize. Pursuant to section 348 of the Bankruptcy Code, an Order converting this case would constitute the order for relief in the chapter 11 case. 11 U.S.C. § 348(a).

## BASIS FOR RELIEF REQUESTED

8. Section 706 of the Bankruptcy Code governs the conversion of a chapter 7 case to one under chapter 11 and provides, in pertinent part, as follows:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
>
> . . .
>
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 706.

1. The Supreme Court, in *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373 (2007), held that a case should be converted under section 706(a) unless the bankruptcy court determines that section 706(d) prohibits the debtor from being a debtor under the chapter of the Bankruptcy Code to which the debtor seeks to convert its case. Although *Marrama* involved a conversion from chapter 7 to chapter 13, numerous courts have held that *Marrama* also applies to motions to convert to chapter 11. *See, e.g., In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592, 601 n.8 (Bankr. W.D. Tex. 2010) (indicating that there is "little reason to confine the Court's ruling in *Marrama* to the chapter 13 context).

2. This Court may exercise its discretion to convert a case under Chapter 7 to a case under Chapter 11 where it finds that conversion will "most inure to the benefit of all parties in interest." *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1161 (5th Cir. 1988) (citing H.R. Rep.

No. 595, 95 Cong., 1st Sess. at 380 (1977), reprinted in 1978 U.S. Code Cong. & Admin. News at 6336). However, cases in this jurisdiction have stated that "[t]t is certainly the debtor's absolute right to convert its chapter 7 case to chapter 11." *In re Off. Products of Am., Inc.*, 136 B.R. 964, 975 (Bankr. W.D. Tex. 1992) (citing 11 U.S.C. § 706(a)); *see also See, e.g., In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (providing that the debtor has an absolute right to convert). The court explained that "[t]he policy of the provision is that the debtor should always be given the opportunity to repay his debts."[2] *In re Off. Products of Am., Inc.*, 136 B.R. at 975 (quoting H. Rep. No. 595, 95th Cong., 1st Sess. 380 (1977), U.S. CODE CONG. & ADMIN. NEWS 1978, p. 6336).

3.  In this case, the Debtor is entitled to convert its case to one under chapter 11 of the Bankruptcy Code. *First*, this case has not been previously converted. *Second*, the Debtor is a "person" eligible to be a chapter 11 debtor under section 109 of the Bankruptcy Code, as the Debtor is a "corporation" within the meaning of section 101(9) of the Bankruptcy Code and has its principle places of business in the United States and is domiciled in the United States. *Third*, the Debtor's goal in converting this case to chapter 11 is to reorganize its business and maximize the return to its creditors, which is the fundamental purpose of a chapter 11 case. Therefore, the Debtor has the statutory right to convert this case.

4.  Unless the Court directs otherwise, a hearing is not required, as the Motion is not considered a contested matter and the only issue to be determined—whether the Debtor is eligible for relief under chapter 11—is readily apparent from the record. *See In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592, 600 (Bankr. W.D. Tex. 2010) ("There is no court hearing to determine whether the debtor "qualifies" for bankruptcy, as there was under the Act, nor is there

---

[2] An objecting party bears the burden of demonstrating, by a preponderance of the evidence, why a debtor should not be permitted to convert its case to chapter 11 pursuant to section 706(a). *In re FMO Associates II, LLC*, 402 B.R. 546, 551 (Bankr. E.D.N.Y. 2009).

a court hearing to determine under which chapter the debtor should be permitted to proceed."). The in *In re Premier Gen. Holdings, Ltd.* further stated that "the Rules contemplate that, while a conversion under section 706 is accomplished by motion, it is not a contested matter, and a court may rule on the motion without a hearing." *In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592, 600-601 (citing FED. R. BANKR. P. 1017(f)(2); *see also* Advisory Committee Note (1987), reprinted in NORTON BANKR. L. & PRACT. 3D, Federal Rules of Bankruptcy Procedure, pamphl. ed. at 71 (Thomson–West 2009-2010) ("no hearing is required on these motions unless the court directs")).

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons, the Debtor seeks entry of an order converting this bankruptcy case to a case under chapter 11 of the Bankruptcy Code, and granting such other and further relief as the Court deems just and proper.

*[the remainder of this page intentionally left blank]*

| | |
|---|---|
| Dated: August 28, 2015<br>Houston, Texas | Respectfully submitted,<br><br>**BAKER & HOSTETLER, LLP**<br><br>*/s/ Pamela Gale Johnson*<br>Pamela Gale Johnson<br>State Bar No. 10777700<br>Fed ID No. 4481<br>811 Main Street, Suite 1100<br>Houston, Texas 77002-6111<br>Telephone:  (713) 646-1324<br>Facsimile:   (713) 751-1717<br>E-mail:  pjohnson@bakerlaw.com<br><br>**Baker & Hostetler, LLP**<br>SunTrust Center, Suite 2300<br>200 South Orange Avenue<br>Orlando, FL 32801-3432<br>Telephone: (407) 649-4000<br>Facsimile:  (407) 841-0168<br>Elizabeth A. Green *(pro hac vice application pending)*<br>Email: egreen@bakerlaw.com<br>Jimmy D. Parrish *(pro hac vice application pending)*<br>Email: jparrish@bakerlaw.com<br><br>**Baker & Hostetler, LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile:  (212) 589-4201<br>Jorian L. Rose *(pro hac vice application pending)*<br>Email: jrose@bakerlaw.com<br><br>*Counsel for Debtor* |

607314235.1

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by the Court's CM/ECF system to counsel for the Petitioning Creditors named below, the U.S. Trustee, all parties requesting notices, and all registered ECF users appearing in the case on August 31, 2015.

**Counsel for Petitioning Creditors**:
Matthew Scott Okin
Brian D. Roman
OKIN & ADAMS LLP
1113 Vine St., Suite 201
Houston, Texas 77002

*/s/ Pamela Gale Johnson*
Pamela Gale Johnson