UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO.: 15-34287-H3-7 |
| ) | |
| BLACK ELK ENERGY OFFSHORE ) | CHAPTER 11 |
| OPERATIONS, LLC, ) | |
| ) | |
| DEBTOR. ) | |
| ) | |

**LIBERTY MUTUAL INSURANCE COMPANY'S LIMITED OBJECTION TO THE DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO OBTAIN POSTPETITION FINANCING AND TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, (III) SCHEDULING AN INITIAL AND FINAL HEARING, AND (IV) GRANTING RELATED RELIEF**

Comes now, Liberty Mutual Insurance Company ("Liberty"), by and through its undersigned attorneys, and objects to the Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Postpetition Financing and to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling and Initial and Final Hearing, and (IV) Granting Related Relief (the "DIP Motion"), Dkt No. 479, and the associated Proposed Final Order, Dkt No. 487 (the "Proposed DIP Order").

**Objection**

1.  Prior to the Petition Date, Liberty issued approximately $58 million in surety bonds on behalf of Black Elk Energy Offshore Operations, LLC (the "Debtor") in connection with various oil and gas leases of the Debtor on federally owned land. In the year or so leading up to the Petition Date, the Debtor had entered into various transactions that resulted in the release and/or replacement of some of Liberty's bonds. As a result, as of the Petition Date, the aggregate value

1

1048817

of the surety bonds issued by Liberty on behalf of the Debtor had been reduced to approximately $20 million, with some additional bond releases and/or replacements in process at that time. Pursuant to the terms of that certain Order Approving A Settlement and Compromise Under Federal Rule of Bankruptcy Procedure 9019 entered in this Case on October 28, 2015, Dkt No. No. 368, (the "9019 Order") and as a result of the bond releases referenced in the 9019 Order, the current bonds issued by Liberty on which the Debtor is principal were further reduced to an aggregate penal limit of $6,400,000.00 (the "Bonds").

2.  As of the Petition Date, Liberty held approximately $20.4 million in cash collateral pursuant to the terms of that certain Cash Pledge Agreement dated August 28, 2013 (the "Cash Pledge Agreement"). As a result of post-petition bond releases and pursuant to the terms of the 9019 Order, the balance of the cash collateral held by Liberty is approximately $7,483,879.45 (the "Cash Collateral"). The Cash Collateral secures any and all obligations under the Bonds, the Indemnity Agreement dated November 23, 2010, and any other contract, agreement of indemnity, deed of indemnity executed by any non-Debtor indemnitor with respect to any bonds, including the Bonds, indemnification for losses incurred in connection with the Bonds, premiums due or which may become due, attorneys' fees and expenses incurred by Liberty in the process of enforcing its rights in these or any other proceedings.

3.  Based on the terms of the DIP Motion, the proposed DIP financing does not seek to prime any "Non-Primed Liens," including Liberty's perfected lien on the Cash Collateral. Liberty submits this limited objection to the Debtor's DIP Motion, as well as the associated Proposed DIP Order, to the extent that they in any way displace and/or otherwise impair Liberty's rights in the Cash Collateral, as well as Liberty's rights pursuant to the 9019 Order.

1048817

4.  Liberty respectfully requests that if this Court grants the Debtor's DIP Motion, the order approving the DIP Motion shall protect Liberty's interest in the Cash Collateral by including qualifying language indicating that Liberty's interest in the Cash Collateral held in connection with the Bonds, and pursuant to the 9019 Order, is fully protected and superior to the liens and superpriority claims granted in favor of the DIP lenders pursuant to the Proposed DIP Order.

### Reservation of Rights

5.  Liberty reserves the right to raise other objections to the DIP Motion and/or the Proposed DIP Order and hereby expressly reserves all rights including, without limitation, the right to file any such further and additional objections.

Respectfully submitted,

 /s/ Michael E. Collins
Michael E. Collins (Admitted Pro Hac Vice)
Texas Bar No. 24029006
Manier & Herod, P.C.
150 Fourth Ave. North, Suite 2200
Nashville, Tennessee  37219
V:  (615) 742-9350
F:  (615) 242-4203
Email:  mcollins@manierherod.com

*Attorneys for Liberty Mutual Insurance Company*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 29, 2015, a true and correct copy of the foregoing was served via the ECF system.

/s/ Michael E. Collins
Michael E. Collins

1048817