**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BLACK ELK ENERGY OFFSHORE ) | Case No. 15-34287-H3-7 |
| OPERATIONS, LLC ) | |
| ) | |
| Debtor. ) | |
| ) | |

**OBJECTION OF DELAWARE TRUST COMPANY, AS
SUCCESSOR TRUSTEE, TO THE DEBTOR'S AMENDED
EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

Delaware Trust Company, in its capacity as successor Collateral Agent and Trustee (the "Trustee") under that certain Indenture dated as of November 23, 2010 (as amended, restated, supplemented or otherwise modified, the "Indenture"), under which the 13.75% Senior Secured Notes due 2015 were issued by the above-captioned debtor (the "Debtor"), by and through its undersigned counsel, hereby objects to the *Debtor's Amended Emergency Motion for Authority to Use Cash Collateral* [Doc. No. 578] (the "Motion"), and respectfully represents as follows:[1]

**PRELIMINARY STATEMENT**

While the Trustee generally supports the cancellation of the Surety Bond and the return of $2 million to the Debtor's estate, the Trustee objects to the proposed use of its cash collateral by the Debtor without proper adequate protection being provided to the Trustee, on behalf of the holders of the Notes (the "Noteholders").

Notwithstanding the Debtor's assertion to the contrary, the Trustee, on behalf of the Noteholders, has an interest in the cash collateralizing the Surety Bond, that must be adequately

---

[1] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Motion.

- 1 -

protected for the proposed use of cash collateral to be granted. It is unclear what, if any, adequate protection the Debtor proposes to provide for its proposed use of their cash collateral. This is particularly so where, as here, the proposed use of cash collateral will not generate new cash collateral. Accordingly, if the incremental authorization of use of cash collateral that has occurred in this case continues, the Noteholders' cash collateral will be depleted and not replaced, resulting in a diminishment in the Noteholders' cash collateral, against which the Debtor does not propose to provide adequate protection. For this reason, the Court should deny the Debtor's request to use the Noteholders' cash collateral without a cash collateral order providing for sufficient adequate protection for the remainder of this case. The Trustee respectfully requests that the Court grant the proposed use of cash collateral only upon the terms and conditions set forth in the proposed order attached as Exhibit O to the *Objection of the Ad Hoc Committee of Senior Secured Noteholders to the Debtor's Amended Emergency Motion for Authority to Use Cash Collateral* [Doc. No. 605] (the "Ad Hoc Committee Objection").

## FACTS

1. On August 11, 2015, an involuntary petition under Section 303 of the Bankruptcy Code was filed against the Debtor in this Court commencing a Chapter 7 case [Doc. No. 1]. On September 1, 2015, the Court granted the Debtor's motion to convert to Chapter 11 [Doc. No. 75].

2. As set forth in detail in the Ad Hoc Committee Objection in paragraphs 1-7 and 19-43, which are adopted and incorporated fully as if set forth herein, the Trustee and Noteholders hold a fully perfected lien on the Debtor's contractual right to the return of the cash backing the Surety Bond and upon the cash once it is returned to the Debtor's estate. *See* Ad Hoc Committee Objection, ¶¶1-7, 19-43 and Exhibits A-N.

3. From September 15, 2015 through December 15, 2015, the Court entered a series of cash collateral orders in this case authorizing the use of specified amounts of cash collateral and providing limited adequate protection to those parties holding a security interest in the Debtor's cash collateral, including the Noteholders, as set forth in detail in the Ad Hoc Committee Objection. *See* Ad Hoc Committee Objection, ¶¶9, 10 and 12.

4. On September 30, 2015, the Debtor filed its Schedules and Statements of Financial Affairs. The Debtor's Schedule D lists a secured claim in the amount of $68,567,000 held by The Bank of New York Mellon Trust Co., NA as Trustee for the 13.75% Senior Secured Notes [Doc. No 240]. Delaware Trust Company succeeded The Bank of New York Mellon Trust Co., NA as Trustee for the 13.75% Senior Secured Notes in December 2015.

5. On January 14, 2016, the Trustee timely filed proof of claims in its capacity as successor trustee asserting a secured claim against the Debtor in an amount no less than $73,354,284.73, and in its capacity as collateral agent. These proofs of claim have been registered as claim nos. 121 and 127, respectively, on the Debtor's claims register.

6. As set forth in the Motion, the Debtor has negotiated terms with Merit Energy Company ("Merit") whereby Merit will issue replacement bonds, partially collateralize these bonds with $7,579,000 of the Collateral (the "Merit Replacement Collateral"), and free up the remaining $2,000,000 of the Collateral for the Debtor's use. Motion, ¶¶17-18(b). Under the arrangement, Merit will receive the excess of the Merit Replacement Collateral over the actual P&A cost, up to $940,000, and only any remaining excess above $940,000 will be returned to the estate. Motion, ¶18(c)-(d).

**OBJECTION**

7. The Trustee objects to the proposed use of cash collateral without provision of adequate protection of the Noteholders' interest in such cash collateral, and respectfully requests that if the Court grants the proposed use of cash collateral it do so on the terms and conditions set forth in a comprehensive form of cash collateral order, such as the one attached to the Ad Hoc Committee Objection as Exhibit O.

8. The Debtor asserts that the Collateral has been fully encumbered by Ace's first priority lien since the Surety Bond was posted, and contends that all junior claims to the Collateral, including presumably the Noteholders' claims, are therefore of no value, and thus not entitled to adequate protection. Motion, ¶21. Further, the Debtor asserts that, but for the approval of this arrangement, the estate's interest in the Collateral is without present value as are any claims to the Collateral. *Id.* The Debtor's position is incorrect both factually and legally.

9. The Noteholders hold a fully perfected lien on the Debtor's contractual right to the return of the cash backing the Surety Bond, as set forth in the Ad Hoc Committee Objection, ¶¶1-7, 19-43 and Exhibits A-N. The Trustee strenuously objects to the Debtor's attempt to eliminate this security interest summarily in its motion, in violation of Fed. R. Bankr. P. 7001(2).

10. Accordingly, because the Trustee and Noteholders do not consent to the proposed use of cash collateral, the Debtor cannot use cash collateral unless and until it provides adequate protection. 11 USC § 363(3); Ad Hoc Committee Objection, ¶¶35-43. The Debtor bears the burden of proof that the Trustee's and the Noteholders' interests are adequately protected. 11 USC § 363(3)(o)(1); Ad Hoc Committee Objection, ¶¶37-39. The Debtor fails to meet this burden. It is unclear what, if any, adequate protection the Debtor proposes to provide to the Trustee and the Noteholders for the proposed use of their cash collateral. The Motion does not

provide any protection against the diminution in the Noteholders' cash collateral that will occur upon the Debtor's use of it as proposed in the Motion. Even if the authorization is on the terms of the prior cash collateral orders - replacement liens and super-priority administrative expense claims – such adequate protection is insufficient. Such measures do not adequately protect the Noteholders where the Noteholders already have a lien on all assets of the Debtor and new assets are not coming into the estate. Ad Hoc Committee Objection, ¶¶40-43. Nor are such replacement liens and super-priority administrative expense claims under these circumstances the "indubitable equivalent" in this instance. 11 U.S.C. § 361.

## CONCLUSION

WHEREFORE for the reasons set forth herein, the Trustee respectfully requests that the Court deny the Debtor's Amended Emergency Motion for Authority to Use Cash Collateral in part and grant the proposed use of cash collateral only upon the terms and conditions set forth in the proposed order attached as Exhibit O to the Ad Hoc Committee Objection.

Dated: January 19, 2016     **BRYAN CAVE LLP**

By:*/s/ Keith M. Aurzada*
Keith M. Aurzada (Texas Bar No. 24009880)
Bradley Purcell (Texas Bar No. 24063965)
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201-2784
Tel: (214) 721-8000
Fax: (214) 721-8100

And

Stephanie Wickouski
Michelle McMahon
1290 Avenue of the Americas
New York, New York 10104
Tel:  (212) 541-2000
Fax: (212) 541-1943

Attorneys for Delaware Trust Company, in its capacity as successor Trustee for the holders of the 13.75% Senior Secured Notes due 2015

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on January 19, 2016 , a true and correct copy of the foregoing was served via CM/ECF on all parties who receive service in this Bankruptcy Case via electronic case filing.

*/s/ Bradley J. Purcell*
Bradley J. Purcell