

ENTERED
07/26/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BLACK ELK ENERGY OFFSHORE | § | CASE NO: 15-34287 |
| OPERATIONS, LLC | § | |
|    Debtor(s) | § | |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

### Background

This Memorandum Opinion resolves Black Elk Energy, LLC; Black Elk Management, LLC; Black Elk Employee Incentive, LLC; Freedom Well Service, LLC; Iron Island Technologies, LLC; and John Hoffman's (the "Movants") Emergency Motion for Relief from the Automatic Stay. (ECF No. 987). The Movants are creditors and equity holders in the Debtor, including Debtor's founder and former CEO, John Hoffman. (*Id.* at 2). The Motion is opposed by (1) Platinum Partners Value Arbitrage Fund LP, Platinum Partners Liquid Opportunities Master Fund LP, and TKN Petroleum Offshore LLC (collectively, "Platinum"); (2) the Official Committee of Unsecured Creditors; and (3) the Debtor (collectively, "Respondents").

The Movants seek relief from the automatic stay to pursue claims against certain non-debtor parties, including Platinum. (*Id.*). The Movants assert that they possess certain claims, derivative in nature, that Texas law allows them to bring as direct claims—provided that they comply with certain procedural requirements. (*Id.* at 2). At the hearing on the Movants' Emergency Motion, the Movants asserted that some of their claims are direct claims (specifically, the tax claim, addressed in detail below), and as such are not estate property. (ECF

No. 1177 at 19, 69). The Movants seek relief from the automatic stay to pursue both categories of claims.

The Court will first address the Movants' argument that the automatic stay does not apply to their derivative claims because Texas law provides an avenue for them to pursue derivative claims as direct claims. The Court will then address whether the Movants' asserted tax claim is one that can be brought without offending the automatic stay.

## Jurisdiction

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1334. Determining whether an asset is estate property is a core matter under 28 U.S.C. § 157. *In re Velo Holdings, Inc.*, 475 B.R. 367, 386 (Bankr. S.D.N.Y. 2012); *Pension Benefit Guar. Corp. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 138 B.R. 442, 445 (D. Del. 1992).

## Analysis

*Derivative Claims Are Property of the Estate*

The Movants rely on Tex. Bus. Org. Code § 101.463 to support the proposition that they are entitled to pursue derivative claims despite the automatic stay:

> (a) In this section, "closely held limited liability company" means a limited liability company that has:
>
>> (1) fewer than 35 members; and
>>
>> (2) no membership interests listed on a national securities exchange or regular quoted in an over the counter market by one or more members of a national securities association.
>
> (b) Sections 101.452-101.459 do not apply to a closely held limited liability company.
>
> (c) If justice requires:

> (1) a derivative proceeding brought by a member of a closely held limited liability company ***may be treated by a court as a direct action*** brought by the member for the member's own benefit; and
>
> (2) a recovery in a direct or derivative proceeding by a member may be paid directly to the plaintiff or to the limited liability company if necessary to protect the interest of creditors or other members of the limited liability company.

Tex. Bus. Org. Code § 101.463 (emphasis added). It is undisputed that the Debtor is a closely held limited liability company. The Movants argue that the statute allows them to pursue derivative claims against certain third parties. If any recovery results, whether by settlement or judgment, the Movants suggest that it would be subject to this Court's determination as how to allocate the proceeds of any recovery. (ECF No. 1177 at 12).

Respondents argue that the Texas statute does not convert a derivative claim into a direct claim, and that derivative claims belong exclusively to the estate.

It is fundamental that derivative claims are property of the debtor's estate. *In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994). In determining whether a claim is derivative, courts look to state law to determine if the debtor could have raised the claim at the commencement of its case. *Id.*; *see In re Mortgage America Corp.*, 714 F.2d 1266, 1276 (5th Cir. 1983). If the claim could have been raised, the claim is derivative and belongs to the estate. *In re Dexterity Surgical, Inc.,* 365 B.R. 690, 695 (Bankr. S.D. Tex. 2007) ("[I]f the claims are derivative to the corporation—the claims will belong to the estate."). If the claims belong to the estate, it would violate the automatic stay for the Movants to exercise control over them.[1]  11 U.S.C. § 362(a)(3).

---

[1] Under § 101.453, before a member may institute a derivative proceeding, he must (1) file a written demand with the LLC stating the claim with particularity and (2) wait 90 days. Tex. Bus. Org. Code § 101.453. Notwithstanding

The Respondents point the court to *Kosarek v. Quintanilla*, an unpublished order in which the district court affirmed the bankruptcy court's finding that "Texas statutes do not convert a claimed derivative claim (one that by definition belongs to a corporation) into a personal claim; the claim maintains its derivative status regardless of any procedural benefits provided by statute." *Kosarek v. Quintanilla (In re Premium Well Drilling, Inc.)*, 5:13-CA-294-FB (W.D. Tex. Nov. 5, 2013); (ECF No. 1131-1 at 17); *Swank v. Cunningham* 258 S.W.3d 647, 665 (Tex. App.—Eastland 2008, pet. denied) ("A trial court's decision to treat an action as a direct action under § 21.563(c) . . . does not mean that the action is no longer a derivative proceeding."). The Texas statute at issue in *Kosarek* and *Swank* contains identical language, but applies to closely held corporations instead of closely held limited liability companies. *Compare* Tex. Bus. Org. Code § 21.563, *with* § 101.463.

The Court finds the reasoning in *Kosarek* and *Swank* compelling. In certain circumstances, the Texas statute offers procedural benefits to members of limited liability companies, allowing them to pursue derivative actions for their personal benefit. However, the statute does not convert derivative claims into direct claims such that they would not be included in a debtor LLC's bankruptcy estate.

The Court recognizes that this approach departs from the procedural rights afforded to owners of companies under state law. In order to reconcile this disparity, it is helpful to briefly explain the nature of a derivative claim asserted against company insiders in a solvent company versus an insolvent company. If a company is solvent, and the insiders of the company caused a loss for which the insiders are liable, the benefits of any recovery will derive to the owners. If the company refuses to pursue its own insiders, the owners can pursue the claim. This is only

---

§ 101.463(b), the Movants expressed their intent to comply with § 101.452-101.459 "out of an abundance of caution and deference to this Court." (ECF No. 1177 at 34). The Court expresses no view on the Movants' stated intention.

sensible since the benefits of the recovery would enhance the value of the owners' interest in the company. In an insolvent company, the benefits of any recovery would not similarly benefit the owners. Instead, if the insiders owe a recovery to the company, the beneficiaries of any recovery would derive first to the holders of claims against the insolvent company. In bankruptcy, it is the estate's fiduciary (ordinarily, a trustee or debtor-in-possession) that pursues derivative claims for the benefit of the estate. This procedure ensures that interests are aligned to reflect the priority scheme established by the Bankruptcy Code. To allow an injured owner's recovery on her investment to bypass the recovery of an injured creditor's claim would reverse the equities of an insolvency case. In many bankruptcy cases, the availability of a distribution to an equity owner is unknown until the conclusion of the case. Claims must be prosecuted and settled to maximize the estate's recovery, with an appropriate waterfall of distributions in accordance with well-established priorities between holders of claims and owners of a company.

Accordingly, § 101.463 does not remove claims from the Debtor's estate that are derivative under applicable law.

*Tax Claim*

At the hearing on the Movants' Emergency Motion, the Court considered whether a claim held by the Movants was direct such that the automatic stay would not be violated if it were pursued. While not specifically pled in the Movants' Emergency Motion, the Court indicated that it would treat the claim as a trial amendment to the Emergency Motion and allow the Respondents to file supplemental briefing on the issue. (ECF No. 1177 at 19). In sum, the claim alleges that Platinum wrongfully caused the Debtor to breach its company agreement, requiring the company to issue a dividend to its members for any tax liability incurred as a result of cancellation of debt income attributable to the Debtor. (*See, e.g.*, *id.* at 31). Movants allege that

Platinum's wrongful interference with the Debtor caused the equity holders direct harm—as opposed to harm caused to the Debtor that resulted in harm to the equity. (*See, e.g.*, ECF No. 1177 at 19).

If a claim belongs to the estate, the Trustee has exclusive standing to assert it. *Schertz-Cibolo—Universal City, Indep. Sch. Dist. (In re Educators Grp. Health Trust)*, 24 F.3d 1281, 1285 (5th Cir. 1994). "If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate." *Noram Resources, Inc. v. Peterson* (*In re Noram Resources, Inc.*), 2012 WL 2571154, *5 (Bankr. S.D. Tex. July 2, 2012).

Even if a claim "belongs" to a creditor, the trustee has the exclusive right to bring the claim for the benefit of all creditors, provided the claim advances a generalized grievance. *In re Schimmelpenninck*, 183 F.3d 347, 359 (5th Cir. 1999). In the framework set forth in *Schimmelpenninck*, actions by individual creditors asserting a generalized injury to the debtor's estate affecting all creditors should be brought by the trustee. *Id.* at 359. However, the creditor is the proper party to assert claims affecting only that creditor personally. *Id.* But who is the proper party to bring claims that affect multiple creditors—or multiple equity holders, as the case may be—*not* resulting from an injury to the debtor's estate? In *Tow v. Amegy Bank N.A.*, our district court held that under *Schimmelpenninck*, it is not necessary that the injury be peculiar only to the creditor that wishes to assert the claim, but that so long as there is no asserted generalized injury to the debtor's estate—that in turn affected creditors—it is of no consequence that an injury is common to a number of creditors. *Tow v. Amegy Bank N.A.*, 976 F. Supp. 2d 889, 910 (S.D. Tex. 2013).

In the present case, the Movants' alleged tax claim would have harmed all equity holders on a pro rata basis, but it would not be an injury to the estate that flowed through the estate to injure creditors. On the contrary, the estate may have benefitted from the company's alleged breach of the company agreement by not distributing funds to equity to cover the tax liability.[2]

The Movants did not allege any other claims with sufficient specificity so as to allow the Court to determine whether the stay should be lifted.

Accordingly, the "tax claim" as described in this Memorandum Opinion is a direct claim, the pursuit of which would not violate the Debtor's automatic stay.

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **July 26, 2016.**

                                            Marvin Isgur
                            UNITED STATES BANKRUPTCY JUDGE

---

[2] Even if the allegations are true, there may be bona fide defenses. The Court expresses no view on whether there are either bona fide claims or defenses.