IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| BLACK ELK ENERGY OFFSHORE | * | CASE NO: 15-34287 |
| OPERATIONS, LLC, | * | |
| | * | |
| Debtor, | * | CHAPTER 11 |

**MOTION TO AID IN CONSUMMATION OF THE CONFIRMED 3RD AMENDED PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. §§1141, 1142 RETENTION PROVISIONS AND ENFORCEMENT OF THE COURT'S ORDERS**

[Relates to Doc. No. 1204]

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Turnkey Offshore Products Services LLC (hereinafter "TOPS"), a party in interest herein, files this Motion to Aid in Consummation of Plan (the "Motion") and in support thereof, respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## II. BACKGROUND

2. On August 11, 2015 (the "Petition Date"), four petitioning creditors filed an involuntary bankruptcy petition [Doc. No. 1] seeking an order for relief against Black Elk Energy Offshore Operations, LLC (the "Debtor") under chapter 7, title 11 of the United States Code (the "Bankruptcy Code') in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

1

3. On August 31, 2015, the Debtor filed its Consent to Order for Relief [Doc. No. 68] and filed its Motion to Convert the Involuntary Chapter 7 Case to a Voluntary Chapter 11 case [Doc. No. 69]. The Court entered the Order for Relief [Doc. No. 74] and its Order Granting Debtor's Motion to Convert to a Case Under Chapter 11 of the Bankruptcy Code Under 11 U.S.C. § 706(a) [Doc. No. 75] on September 1, 2015.

4. On July 14, 2016, the Court entered its Order Confirming Third Amended Plan of Liquidation of Black Elk Energy Offshore Operations, LLC under Chapter 11 of the Bankruptcy Code [Doc. No. 1204] (the "Confirmation Order"). Pursuant to the Confirmation Order Richard Schmidt serves as the Trustee for the Litigation Trust and the Liquidation Trust.

5. Pursuant to the Liquidation Trust, **ARTICLE IV** titled **THE TRUSTEE** and section 4.01 titled Authority of the Trustee. established by the Confirmation Order in which, among other enumerated powers, authorizes and empowers the Trustee of the Liquidation to take any and all actions to effectuate the purpose of the Liquidation Trust.

6. By way of example among many other powers afforded the Trustee by the Plan, the Liquidation Trustee authorizes the Trustee to:

> (1) receive, manage, invest, supervise, protect and liquidate the Liquidation Trust Assets 4.01(i);
>
> (2) withdraw, make Distributions and pay taxes and other obligations owed by the Trust from the funds in the Trust in accordance with the Plan or applicable law…. 4.01(ii);
>
> (3) protect and enforce the rights to the Liquidation Trust Assets by any method deemed appropriate, including by judicial proceeding 4.01(v);

2

    (4) determine and satisfy any and all liabilities created, incurred, or assumed by the Trust 4.01(vii); and

    (5) pay all expenses of the Trust and make other payments relating to the Liquidation Trust Assets 4.01(viii).

7. Pursuant to the Order of confirmation and the trusts established therein, the Trustee is empowered to exercise considerably more powers to obtain the objectives of the Plan and the Liquidation Trust.

8. The Confirmed Plan and numerous motions filed in this Honorable Court requested relief pursuant to the decommissioning obligations of the Debtor and subsequently the Liquidation Trustee. This Honorable Court issued relief regarding HI A-370 authorizing numerous requests regarding the decommissioning obligations of the Debtor, the "P&A Plan", and other plans or requirements regarding decommissioning. In fact, this Honorable Court ordered the removal, extraction, use, and disposition of any property owned by Black Elk located at HI A-370 (see: Doc. No. 1043-3 p.2 paragraph 2) and ordered the payment for said services (see: Doc. No. 1043-3 p.2 paragraph 3).

9. The Court specifically addressed HI A-370 in the Chapter 11 proceeding and in the Confirmed Plan which created the Liquidation Trust which ordered the Trustee to *inter alia,* decommission HI A-370.

10. Turnkey Offshore Products Services LLC performed services in the amount not less than $8,297,633.82 and to date has not been paid. In addition, JAB Energy Solutions II LLC and its numerous other entities which have been utilized and/or created now seek to identify the monies due pursuant to this Confirmed Plan (and not yet paid) as an account receivable, then filed a Chapter 11 in the District of Delaware after filing an Assignment for the Benefit

of Creditors in the Chancery Court in Delaware asserting the exclusive right to the funds held by the Trustee despite the HI A-370 platform removal work having been performed by TOPS.

## TOPS WORK AND NONPAYMENT BY JAB II LLC

11. On June 11, 2016, A Joint Emergency Motion of W&T Offshore, Inc. and Black Elk Energy Offshore Operations, LLC to Authorize Plugging and Abandonment for High Island A-370 and Eugene Island 118 was filed in this Court and this proceeding at Doc. No. 1043. Exhibit A-1 to the Motion [Doc. No. 1043] is titled – Montco Decommissioning Plan and is attached as Rec. No. 1043-2 listing the well abandonment services for HI A-370.

12. On June 27, 2016 this Court approved the work in the Order Granting Joint Emergency Motion of W&T Offshore, Inc., Montco Oilfield Contractors, LLC and Black Elk Energy Offshore Operations, LLC to Authorize Plugging and Abandonment for High Island A-370 and Eugene Island 118. [Doc. No. 1146]

13. Montco was unable to perform the High Island plugging and abandonment work ordered by this Court. [Doc No 1146] On June 9, 2017 the Black Elk Liquidation Trust by the Liquidation Trustee entered into an agreement with JAB as additional work to be performed beyond those blocks previously contracted to JAB.

14. On September 24, 2020 JAB II contracted with TOPS to perform the HI A-370 platform removal work on a time and material basis (See attached Master Service Order Exh A & Work Order, Exh B).

15. TOPS initiated the work in the first week of October 2020. In early November, 2020 TOPS requested a partial payment from JAB II, given the mounting costs; however, at that time

     JAB advised that it could not make any payments at that time, as this job was being performed pursuant to an order of this Bankruptcy Court and that no payment would be made by the Bankruptcy Court until the job was completed. JAB further advised TOPS that if it did not complete the removal of the platform, neither TOPS nor any of the other contractors working on the job would get paid at all.

16. Accordingly, TOPS completed the job on December 8, 2020 and it was accepted by JAB II as satisfactorily performed (see attached Certificate of Completion; Exh C).

17. TOPS performed all the work required and submitted periodic invoices to JAB II.

18. However, despite repeated requests for payment by TOPS, JAB II refused to pay TOPS and then in February 2021 JAB refused to even communicate with TOPS.

19. On March 2, 2021, TOPS through its counsel sent a formal demand for payment to JAB II, which ignored it (see attached demand letter, Exh D).

20. On April 1, 2021 TOPS sued JAB, its President Brent Boudreaux, and its parent company, Allison Marine, in federal Court in the Eastern District of Louisiana for the unpaid amounts owed to it for the removal of the HI A-370 platform, as well as for fraud. That lawsuit was later amended to add JAB II as a defendant and some additional claims against the defendants (see attached Complaint and Amended Complaint, Exh E and F).

21. After TOPS sued the JAB defendants in federal Court in New Orleans, JAB II's counsel advised TOPS that it was filing an ABC proceeding in Delaware, whereby it was going to transfer all of the JAB II assets to a newly formed ABC LLC in Delaware and that as a result neither TOPS nor any of the other contractors who had performed work in the removal of the HI A-370 platform would be paid anything at all. JAB's counsel further advised TOPS that all of the money that JAB II anticipated receiving from this Bankruptcy

Court would be used to pay off corporate loans that JAB II and its parent company, Allison Marine, had incurred years before.

22. Thereafter JAB II made a general Assignment of all JAB II's assets to JABCO ABC, LLC in trust for the benefit of JAB II creditors. On June 4, 2021 JAB II filed a Petition for Assignment for the Benefit of Creditors in Delaware Chancery Court Case No. 2021-492 (See attached Assignment, Exh G).

23. The Assignment for the Benefit of Creditors asserts that the right to the "account receivable" from the Trustee and the Liquidation Trust under the jurisdiction of this Court pursuant to the Final Order of the plan confirmation followed the numerous transfers from entity to entity and that the monies for the work done by TOPS, an account payable from the Trustee of the Liquidation Trust as required in the Order of Confirmation in the amount of not less than $8,297,633.82, will not be paid to TOPS.

24. TOPS contacted the Liquidation Trustee Richard Schmidt to explain the above proceedings.

25. Additionally TOPS initiated and prevailed in a Temporary Restraining Order and Injunction proceeding filed in the United States District Court for the Eastern District of Louisiana before the Honorable Donna Phillips Currault, United States Magistrate Judge (see attached Decision by U.S Magistrate Donna Currault, dated August 10, 2021, Exh H).

26. The Eastern District of Louisiana recognized the bankruptcy jurisdiction asserted by TOPS there and here and ordered the monies to be held in the registry of the Court in the Eastern District of Louisiana.

27. At present, the Liquidation Trustee Richard Schmidt, and the other participants in this Court's approved High Island A-370 Funding Sheet hold the funds for numerous reasons

including his duty to follow the Authority of the Trustee vested in the Trustee pursuant to the Liquidating Trust as well generally, the numerous orders of this Court as well as the specific authority vested in the Trustee in section 4.01 of the Trust (See attached Funding Sheet, Exh I).

28. Following the adverse decision against JAB II by Magistrate Currault in the Eastern District of Louisiana, and apparently recognizing that its efforts to circumvent the confirmed plan of this Court had been thwarted by the federal court in New Orleans, JAB II in yet another attempt to utilize the funds dedicated by this Court for the platform removal to pay off existing, unrelated corporate debt owed by JAB II's parent company and its multiple wholly owned companies, including JAB II, JAB II has now initiated a bankruptcy proceeding in Delaware, whereby JAB II once again is attempting to circumvent this Court's standing order and approved plan for the payment for the removal of the HI A-370 platform.

29. More particularly, JAB II, along with its parent company, Allison Marine, and its President, Brent Boudreaux, are once again attempting to circumvent this Court's jurisdiction to utilize the funds this Court has allocated for the removal of platform HI A-370 for its own completely unrelated corporate debt with the express and acknowledged purpose of leaving TOPS and the other contractors who actually performed the platform removal with no compensation whatsoever for that work.

30. JAB II has repeatedly represented that it is intentionally planning to utilize the funds allocated by this Court for the platform removal for the payment of its corporate debts and that it fully intends to leave TOPS and the other contractors who actually performed the work to remove the platform with no payments whatsoever for their work. As JAB II boldly

proclaimed to the federal Court in New Orleans during the injunction hearing, "you may not like it, but there is nothing you can do about it!"

31. As the federal Court in New Orleans explained in the decision granting the injunction, there is in fact something that it and this Court can do to prevent this fraud. TOPS respectfully asserts that this Court can enforce its own Plan and Order and can in fact prevent JAB II's latest effort to thwart this Court's Plan and to run off with the funds allocated pursuant to the Confirmed Plan for the platform removal.

### III.   BASIS FOR REQUESTED RELIEF

This Court Retains Jurisdiction Over the Payment for Work Provided to HI A-370

32. The Confirmed Plan in **ARTICLE VIII-MISCELLANEOUS** D. Retention of Jurisdiction provides, *inter alia*, retention of jurisdiction by the Bankruptcy Court in the Southern District of Texas and provides that this Court maintains jurisdiction and authority to enforce, modify, and issue orders in aid of execution and consummation of the Plan as may be necessary and appropriate and specifically provides retained jurisdiction regarding:

   a. All controversies and disputes arising under or in connection with the Plan. Plan Art. VIII.D 4;

   b. The enforcement and interpretation of the provisions of the Plan. Plan Art. VIII.D 5;

   c. The issuance of such Orders in aid of execution and consummation of the Plan as may be necessary and appropriate. Plan Art. VIII.D 6;

   d. Ensuring that Distributions are accomplished, as provided herein, and resolving any dispute concerning the right of any Person to a Distribution hereunder, under applicable law, or under a contract or agreement. Plan Art. VIII.D 11

33. The Order Confirming *Third Amended Plan of Liquidation of Black Elk Energy Offshore Operations, LLC Under Chapter 11 of the Bankruptcy Code* [Doc. No. 1204] at paragraph 41. STATES:

    > This bankruptcy Court's retention of jurisdiction as set forth in Article VIII of the Plan is approved. Such retention of jurisdiction does not affect the finality of this Confirmation Order. For the avoidance of doubt, the Bankruptcy Court shall retain jurisdiction over all pending matters, including adversary proceedings.

34. The Court determined it had jurisdiction and asserted that jurisdiction by request of the numerous motions, the disclosure statement as amended, the plan and the order approving the second amended plan.

35. Each pleading referencing HI A-370 asserted the jurisdictional basis of 28 U.S.C § 1334.

36. This Court's retention of Jurisdiction over controversies regarding decommissioning and payment for removal of HI A-370 provides jurisdiction regarding this Motion pursuant to 28 U.S.C. § 1334.

37. The confirmed plan contains a plan jurisdiction retention section for the purpose of the resolution of this current controversy and to provide the entities working on the goal of the Plan to be paid and to have a remedy to any controversies with venue in this Honorable Court where their obligations will be adjudicated pursuant to the Confirmed Plan & Liquidation Trust.

38. Bankruptcy Code section 1141, titled Effect of confirmation, also provides in subsection (b) that the order confirming the plan, the confirmation of a plan vests all property of the estate in the debtor. Here the plan provided that the Liquidation Trust was provided to perform work on numerous properties.

39. In executing the plan and following the requirements of the Plan and the Liquidating Trust, TOPS performed substantial work toward those goals all under the jurisdiction of this Court and the Trustee of the Liquidating Trust.

40. In order to implement the plan and pursuant to 11 U.S.C.§ 1142(b) states:

> The Court may direct the Debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

41. This Court has jurisdiction to enforce its own orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 129 S. Ct. 2195, 174 L.Ed. 2d 99 (2009) (holding the Bankruptcy Court plainly had jurisdiction to *interpret* and *enforce* its own prior orders)(emphasis supplied) citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239, 54 S.Ct. 695, 696-697, 78 L.Ed. 1230 (1934).

42. No final decree has been entered in this matter.

## SUMMARY OF ARGUMENT

The decommissioning of HI A-370 has been an integral part of the Liquidating Trust, a specific line item of the "P&A Plan", as well as and one of the clear objects of the Order of Confirmation and the Liquidating Trust. The Court has, on many occasions, issued relief regarding the work to be done and the payments to be made to decommission HI A-370. Montco was originally authorized to perform the work but was unable and as a result the Liquidation Trustee entered into an agreement with JAB II to complete the work. JAB II then contracted with TOPS to perform the work when JAB II could not or did not wish to perform the contract. TOPS performed the work on HI A-370 and billed JAB II, which payments were never made. JAB II and

other entities related to and/or sharing the common goals, to avoid any payment to TOPS for the work performed, began a series of legal manipulations in an attempt to assert the monies due from this Liquidation Trust, was payable to it for its discretionary use and not TOPS, the entity which performed the work.

Despite the clear ability of this Honorable Court to enforce its own orders, under the continuing jurisdiction of this matter, JAB II has now attempted to create a new assertion utilizing their Chapter 11 filed in Delaware and asserting that the amounts due from TOPS' work is actually a receivable due from this Court and the Liquidation Trustee, ignoring the work done by TOPS as ordered by this Court.  As the federal district court in New Orleans held, just because JAB II says it is so does not make it so.

This Court has exclusive jurisdiction to determine the prior Order of Confirmation, the Liquidation Trust and to resolve any controversies that may exist to complete the goal of decommissioning the platform at issue here, HI A-370.

**WHEREFORE,** TOPS respectfully requests that this Court;

Pursuant to the provisions of the Court's Confirmation Order, the numerous orders referenced in this Motion and the work performed for the Debtor consistent with the Liquidation Trust established by the Confirmation Order, TOPS requests that:

a. This Court set a hearing on this matter;
b. This after an evidentiary hearing and order of the Court, that no payment, off-set, or other distribution of any sort be made to JAB II by any party including the Liquidation Trust Trustee, the Liquidation Trust Committee and other members of the Funding Term Sheet occur relating to any HI A-370 activity;

c. That after hearings on this matter and after the Court and the Trustee have determined that the payment has been fully completed, the Court order payment to TOPS of all of the remaining funds allocated by the Court for the removal of the HI A-370 platform performed by TOPS, in an amount up to the $8,297,633.82 plus all applicable charges, fees and costs, or such other amount as this Court deems appropriate;

d. That after hearings on this matter, the Court issue any further order(s) paying any and all entities or individual(s) outstanding amounts due pursuant to their work performed consistent with the platform removal activities relating to HI A-370; and

e. For all other relief deemed just.

Respectfully submitted,

NALLEY AND DEW
A Professional Law Corporation

*/s/ George Nalley*_____
GEORGE J. NALLEY, JR.
(TX Bar 00786773\ La Bar 09883)
Suite 100
2450 Severn Avenue
Metairie, LA  70001
Telephone: (504) 838-8188
Email: george@gnalley.com

AND

*/s/ Richard Martinez*_____
RICHARD W. MARTINEZ (La Bar 17040)
Pro Hac Vice
Richard W. Martinez, APLC
3500 N. Hullen St.
Metairie, LA 70002
Telephone: (504)525-3343
Email: richard@rwmaplc.com
Attorneys for Turnkey Offshore Project Services (TOPS)

12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| BLACK ELK ENERGY OFFSHORE | * | CASE NO: 15-34287 |
| OPERATIONS, LLC, | * | |
| | * | |
| Debtor, | * | CHAPTER 11 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion to Aid in Consummation of the Confirmed 3rd Amended Plan of Reorganization Pursuant to 11 U.S.C. §§1141, 1142 Retention Provisions and Enforcement of the Court's Orders was served on October 6, 2021 to parties and counsel of record through the Court's CM/ECF system.

In addition, Turnkey Offshore Project Services shall mail service on the following individuals by U.S. Mail:

| | |
|---|---|
| John Sparacino | jsparacino@mckoolsmith.com |
| Sarah Schultz | schultz@akingump.com |
| Lars Herbst | lars.herbst@bsee.gov |
| Lindsey Johnson | ljohnson@loopergoodwine.com |
| Nadege Assale | nassale@wtoffshore.com |
| Eunice Hudson | Eunice.r.hudson@usdoj.gov |
| Phillip Eisenberg | peisenberg@lockelord.com |

Respectfully submitted,

NALLEY AND DEW
A Professional Law Corporation

*/s/ George Nalley*_____
GEORGE J. NALLEY, JR.
(TX Bar 00786773\ La Bar 09883)
Suite 100
2450 Severn Avenue
Metairie, LA  70001
Telephone: (504) 838-8188
Email: george@gnalley.com

AND

*/s/ Richard Martinez*_____
RICHARD W. MARTINEZ (La Bar 17040)
Pro Hac Vice
Richard W. Martinez, APLC
3500 N. Hullen St.
Metairie, LA 70002
Telephone: (504)525-3343
Email: richard@rwmaplc.com

Attorneys for Turnkey Offshore Project Services (TOPS)

14