United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 02, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 15-34287** |
| **BLACK ELK ENERGY OFFSHORE** | § | |
| **OPERATIONS, LLC,** *et al.*, | § | **CHAPTER 11** |
| | § | |
| Debtors. | § | |
| | § | |
| **RICHARD SCHMIDT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 19-3370** |
| | § | |
| **BARBARA NORDLICHT, AS LEGAL** | § | |
| **REPRESENTATIVE OF THE ESTATE OF** | § | |
| **JULES NORDLICHT,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION

Shlomo and Tamar Rechnitz moved for summary judgment against Richard Schmidt, the Trustee of the Black Elk Litigation Trust. The Trustee seeks to recover fraudulent transfers from the Rechnitzes as subsequent transferees. The Rechnitzes believe the Trustee did not file his claims on time. The Trustee's theory of recovery under § 24.006(b) of the Texas Business and Commerce Code was untimely asserted. He asserts other theories that would allow for recovery of the same transfers. The Court grants partial summary judgment with respect to the § 24.006(b) theory of recovery.

### BACKGROUND

Platinum Partners began investing in Black Elk Energy Offshore Operations, LLC in 2009. (ECF No. 84 at 6). By 2014, Platinum dominated and controlled Black Elk: Platinum was Black Elk's majority investor, and Platinum controlled Black Elk's (i) credit facility, (ii) senior secured

notes, (iii) Series E preferred equity; (iv) board; and (v) chief financial officer. (ECF No. 84 at 7). Platinum raised money for Black Elk from various investors, including Shlomo and Tamar Rechnitz. The Trustee alleges that the Rechnitzes invested $10,000,000.00 in Platinum Partners Black Elk Opportunities Fund LLC in March 2014. (ECF Nos. 84 at 34; 189 at 8).

Both Black Elk and Platinum were effectively insolvent in 2014. (ECF No. 84 at 7). Platinum engaged in a scheme to sell substantially all of Black Elk's assets and use the proceeds to pay various Platinum investors, including the Rechnitzes. (ECF No. 84 at 7–8, 48–49). On August 25, 2014, the Rechnitzes received a $267,149.80 payment. (ECF No. 189 at 8). The Rechnitzes then received a $10,000,000.00 redemption payment on September 3, 2014. (ECF No. 189 at 8). The Trustee seeks to recover these two transfers from the Rechnitzes.

The Trustee asserts claims for avoidance and recovery of fraudulent transfers under 11 U.S.C. §§ 548 and 550. (ECF No. 84 at 86–91). The Trustee also asserts claims under 11 U.S.C. § 544 for violations of §§ 24.005 and 24.006 of the Texas Uniform Fraudulent Transfer Act ("TUFTA"). (ECF No. 84 at 88–90). After avoiding the fraudulent transfers under § 544 and TUFTA, the Trustee seeks to "recover the value of the transferred property pursuant to section 550 of the Bankruptcy Code." (ECF No. 84 at 90).

The Rechnitzes moved for summary judgment that the Trustee's causes of action for (i) violations of §§ 24.005 and 24.006; and (ii) recovery of the avoided transfers under § 550 are time-barred under 11 U.S.C. §§ 544 and 550 and TUFTA § 24.010. (ECF No. 189 at 19–20). In a footnote in the Trustee's response to the motion for summary judgment, the Trustee alleges that "the Trustee's right of recovery is under 24.009, not 24.006." (ECF No. 207 at 24). This was the

Trustee's first mention of § 24.009.  The Trustee stipulated that his claim under § 24.006(b) was not timely at oral argument on August 29, 2022.[1]  (ECF No. 264 at 63, 65, 72).

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(H).  Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A genuine dispute of material fact means that evidence is such that a reasonable fact finder "could return a verdict for the nonmoving party."  *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  It is the movant's burden to establish that no genuine issue of material fact exists.  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (citing *Condrey v. SunTrust Bank of Ga.,* 429 F.3d 556, 562 (5th Cir. 2005)).  A party asserting that a fact cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support that fact.  FED. R. CIV. P. 56(c)(1).  If the movant establishes "the absence of evidence supporting an essential element of the non-movant's case," the burden shifts to

---

[1] In the motion for summary judgment, the Rechnitzes argue that "any of the claims brought against the Rechnitzes under TEX. BUS. & COM. CODE §§ 24.005(a)(2) and 24.006(b) are extinguished as a matter of law." (ECF No. 189 at 19).  The Rechnitzes also argue that the "the Trustee's actions brought under the TUFTA were extinguished by the statute of repose." (ECF No. 189 at 20).  The first amended complaint does not precisely identify the TUFTA provisions at issue within §§ 24.005 and 24.006.  (*See* ECF No. 84 at 88–90).  At oral argument, the Trustee asserted that he is bringing claims for "actual fraud under 24.005(a)(1) and (a)(2) and for constructive fraud under 24.006(a) as well as the recovery claims under 24.009."  The record does not clearly indicate what claims, if any, the Rechnitzes dropped from their original motion.  (*Compare* ECF No. 189 at 19, *with* ECF No. 264 at 62–63).  To ensure the Court assesses the claims upon which the Rechnitzes seek summary judgment, the Court will examine the timeliness of claims under §§ 24.005(a)(1),  24.005(a)(2), and 24.006(a) in addition to §§ 544 and 550.

the non-movant to establish a genuine dispute of material fact.  *Sossamon*, 560 F.3d at 326 (citing *Condrey*, 429 F.3d at 562).

In ruling on a motion for summary judgment, a court should view the facts and evidence in light most favorable to the non-moving party.  *Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014).  Nevertheless, the court is not obligated to search the record for the non-moving party's evidence.  *Keen v. Miller Env't. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012).  "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence."  *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015).  The Court need only consider the cited materials, but it may consider other materials in the record.  FED. R. CIV. P. 56(c)(3).  The Court should not weigh the evidence.  *Aubrey v. Sch. Bd. of Lafayette Par.*, 92 F.3d 316, 318 (5th Cir. 1996).  A credibility determination may not be part of the summary judgment analysis.  *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

## DISCUSSION

The Trustee stipulated that his § 24.006(b) claim is untimely.  (ECF No. 264 at 65, 72).  The Court grants summary judgment as to the timeliness of that claim.  But the §§ 24.005(a) and 24.006(a) claims are timely.  The Court denies summary judgment as to the timeliness of those claims.  Lastly, the Rechnitzes effectively seek a finding that the Trustee cannot pursue a § 24.009 claim.  The Trustee does not seek to recover under § 24.009 in his complaint.  He may not first plead it responding to a motion for summary judgment.  The § 24.009 debate is moot.

## I.    THE CLAIMS UNDER SECTIONS 24.005(A)(2) AND 24.006(A) ARE TIMELY

The Trustee seeks to avoid the fraudulent transfers under 11 U.S.C. § 544(b).  (ECF No. 84 at 90).  Section 544(b) states:

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor

holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

The parties do not dispute that TUFTA is applicable under § 544; they dispute whether any TUFTA claims under § 544 are timely.  11 U.S.C. § 546(a) governs the timeliness of a § 544 claim:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

An order for relief was entered September 1, 2015.  (Case No. 15-34287, ECF No. 74).   A § 544 action had to be commenced by September 1, 2017.   The Trustee commenced proceedings asserting claims under § 544 and TUFTA against various Platinum defendants on October 26, 2016 and August 31, 2017—both within two years after the entry of the order for relief.  (Case No. 16-3237,[2] ECF No. 1 at 39–41; Case No. 17-3380,[3] ECF No. 1 at 33–35).  The § 544 cause of action was timely.

Beyond being timely under § 546, the TUFTA claim must not have been extinguished before the petition date for the § 544 claim to succeed.   TUFTA § 24.010(a)(2) governs the timeliness of claims under §§ 24.005(a)(2) and 24.006(a): "[A] cause of action with respect to a

---

[2] The Trustee asserted claims against Platinum Partners Value Arbitrage Fund LP, Platinum Partners Credit Opportunities Master Fund LP, Platinum Partners Liquid Opportunities Master Fund LP, and PPVA Black Elk (Equity) LLC.  (Case No. 16-3237, ECF No. 1 at 1).

[3] The Trustee asserted claims against Platinum Partners Black Elk Opportunities Fund LLC, Platinum Partners Black Elk Opportunities Fund International LLC, Chardan Capital Markets, LLC, and CharFi Valuation Services, LLC.  (Case No. 17-3380, ECF No. 26 at 1).

fraudulent transfer or obligation under this chapter is extinguished unless action is brought . . . under Section 24.005(a)(2) or 24.006(a) of this code, within four years after the transfer was made . . . ." TEX. BUS. & COM. CODE § 24.010(a)(2).  Similarly, a 25.005(a)(1) claim must be brought "within four years after the transfer was made . . . ." TEX. BUS. & COM. CODE § 24.010(a)(1).

The Rechnitzes received transfers on August 25, 2014 and September 3, 2014.  (ECF No. 84 at 35).  Thus, the actions for fraudulent transfer must have been brought under state law by August 25, 2018 and September 3, 2018, respectively.  The Trustee commenced adversary proceedings on October 26, 2016 and August 31, 2017, thereby satisfying the requirements of §§ 24.010(a)(1) and (2).  (Case No. 16-3237, ECF No. 1 at 39–41; Case No. 17-3380, ECF No. 1 at 33–35).

The remaining question is whether the § 550 claim is timely.  Under 11 U.S.C. § 550(f):

An action or proceeding under this section may not be commenced after the earlier of—

(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or

(2) the time the case is closed or dismissed.

Because this case has not been closed or dismissed, the Trustee must have commenced his § 550 proceeding within one year after the avoidance of the transfers.

On June 27, 2018, the Trustee obtained a default judgment against Platinum Partners Black Elk Opportunities Fund LLC and Platinum Partners Black Elk Opportunities Fund International LLC.  (Case No. 17-3380, ECF Nos. 46; 50 at 2–3, 6–7).  The Rechnitzes argue that "the Trustee failed to actually void the initial transfers made to Platinum in the PPBE Adversary" because the Trustee only obtained a default judgment.  (ECF No 189 at 6–7).  But the Court already found that the default judgments are avoidance actions in its ruling denying a motion to dismiss on December

18, 2020: "I find with respect to the statute of limitations that the statute of limitations with respect to avoidance actions was satisfied. ***The default judgments count as avoidance actions***. That makes the 550 implausibility argument go away. The 550 action was brought timely." (ECF No. 144 at 45) (emphasis added).  The Court does not disturb its previous ruling.  The Trustee avoided "the transfer on account of which recovery under this section is sought" on June 17, 2018.  (Case No. 17-3380, ECF No. 46).  Thus, to comply with § 550(f), the Trustee must have filed the original complaint within one year of June 17, 2018.  The Trustee filed the original complaint March 25, 2019—well before the deadline.  (ECF No. 1).

The causes of action under TUFTA (except § 24.006(b)), § 544, and § 550 are timely.

## II.     THE TRUSTEE MAY RECOVER UNDER § 24.009

The parties debated whether § 24.009 is an independent cause of action in their briefing and at oral argument.  At the end of oral argument, the Court took under advisement whether § 24.009 exists as an independent cause of action.  (ECF No. 264 at 78).  Upon review of the record, the Court need not determine this issue.  The Trustee first references § 24.009 in his *response* to the motion for summary judgment.  (*See* ECF Nos. 1; 84; 85; 207 at 24).  Indeed, the Trustee only seeks recovery under § 550 (and not § 24.009) in the portion of the complaint in which he discusses TUFTA.  (ECF No. 84 at 90).  The Court will not entertain an irrelevant theory of recovery not listed in the complaint.  The Trustee may not recover under § 24.009.

### CONCLUSION

A separate order will be entered.

 SIGNED 02/02/2023

_____
            Marvin Isgur
    United States Bankruptcy Judge